UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-00202-RJC-SCR
3:07-cr-00052-RJC-SCR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | |
| MALCOLM BYNUM, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| vs. | ) |
| | ) |
| TICO BYNUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendants' pro se "Letter of Intent" (Case No. 3:07-cr-00052-RJC-SCR, Doc. No. 40; Case No. 3:20-cr-00202-RJC-SCR, Doc. No. 74) and the Government's responses in opposition (Case No. 3:07-cr-00052-RJC-SCR, Doc. No. 41; Case No. 3:20-cr-00202-RJC-SCR, Doc. No. 75).

Defendant Tico Bynum[1] mailed the pro se Letter of Intent referencing the above-captioned criminal actions[2] against Defendant Tico Bynum and Defendant Malcom Bynum (together, "Defendants"). The Letter of Intent was addressed to the Court; however, it was not filed as a

---

[1] The Letter of Intent states that it is "From Donald & Tico Bynum." (Doc. No. 74).
[2] The Letter of Intent also referenced another criminal action against Defendant Tico Bynum, case number 3:97-00338, in which case Defendants' request has been denied by the Honorable Max O. Cogburn, Jr.

motion and is not clear as to what, if anything, Defendants are requesting. Local Criminal Rule 47.1(a) provides:

> ***Motions in Writing***. Unless made during a hearing or trial, all motions must be written, filed as provided by LCrR 49.1.2, and must state with particularity the grounds of the motion and the relief or order sought. Motions will ordinarily be ruled on without oral argument.

LCrR 47.1(a). Here, the Letter of Intent is not a motion and does not "state with particularity the grounds of the motion and the relief or order sought." (Id.). The Letter of Intent appears to express an intent to sell certain real property subject to writs of execution, but, other than a signature block for the Court, it does not state the specific request(s) Defendants make to the Court, and importantly, does not provide any basis for any relief that may be requested. Based on this, the Court will deny without prejudice any request Defendants attempt to make in the Letter of Intent as such relief sought and the grounds for such relief are not clear. See Mader v. Martin, No. 1:13-cv-32, 2013 WL 4605694, at *1-2 (W.D.N.C. Aug. 29, 2013) (denying motion without prejudice for failing to comply with local rules and directing parties to refer to local rules prior to filing motions or the "Court will consider striking any improper motions . . . rather than denying the motions without prejudice.").

Again, although not clear, the Letter of Intent appears to present an intent to sell real property located at 1344 Downs Ave., Charlotte, NC, 28205 (the "Property"), to a specified buyer for $220,000. To the extent the Court construes the Letter of Intent as a motion requesting that the Court approve or otherwise facilitate Defendants' proposed sale of the Property, the Court will deny the request.

The Property is subject to Writs of Execution allowing the United States Marshals Service to levy and sell the Property to satisfy Defendants' restitution judgments. (Case No. 3:07-cr-00052-RJC-SCR, Doc. No. 38; Case No. 3:20-cr-00202-RJC-SCR, Doc. No. 72). Defendants do

not appear to dispute that the Property is subject to the Writs. The Government opposes the Letter of Intent and argues it is preparing to levy and sell the Property, and that the proposed sale price of $220,000 would not maximize the value of the Property nor satisfy the Government's judgment liens on the Property. The Court agrees – the Property is subject to the Writs and the Government is entitled to levy the Property. It appears that Defendants ask the Court to approve the sale of the Property for less than its value because the Government does not approve of Defendants selling the Property for such an amount. (Case No. 3:20-cr-202, Doc. No. 75-1 ¶ 7). However, Defendants do not provide any legal reason as to why it would be appropriate for the Court to allow them to sell the Property in a manner that will not maximize the value of the Property and satisfy the judgments owed to the Government. Accordingly, to the extent Defendants requests approval or facilitation in selling the Property the request is <u>denied</u>. <u>See</u> <u>United States v. Bynum</u>, case No. 3:97-338-MOC-SCR, Doc. No. 106 (denying identical Letter of Intent because the request would only result in partial satisfaction and the Government's levy and sale of the Property would maximize the Property's value); <u>United States v. Nelson</u>, No. 4:13-CR-40073-KES, 2020 WL 4015320 (D.S.D. July 16, 2020) (denying motion to stay execution and levy and directing the United States Marshals Service to sell real property subject to writ of execution); <u>United States v. Sandwich Isles Comms. Inc.</u>, No. 18-00145 JMS-RT, 2020 WL 3504436 (D. Ha. June 29, 2020) (denying motion to quash writ of execution and allowing government to levy on real property subject to writ); <u>United States v. Moore</u>, 156 F. Supp. 2d 238 (D. Conn. 2001) (concluding real property was fraudulently transferred without receiving reasonably equivalent value under the Fair Debt Collection Practice Act).

**IT IS, THEREFORE, ORDERED** that any requests made in the "Letter of Intent" is **DENIED**.

The Clerk's Office is directed to send copies of this Order to Defendants <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: August 28, 2023

*Susan C. Rodriguez*
Susan C. Rodriguez
United States Magistrate Judge